```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Billy Budd Sullivan

    v.                                          Civil No. 14-cv-213-LM

Town of Derry, Public Works Department


### REPORT AND RECOMMENDATION

Billy Budd Sullivan has filed this action for alleged interference with his property interests and other rights relating to a family cemetery plot in Derry, New Hampshire. Upon commencing preliminary review of this matter, pursuant to 28 U.S.C. § 1915(d) and LR 4.3(d)(2) this Court found that the Complaint failed to state a claim, and directed Sullivan to file an amended complaint. Sullivan has filed an Amended Complaint (doc. no. 4) and a Motion to Amend (doc. no. 5), seeking an alteration to his request for damages.

### DISCUSSION

**I.   Litigation History**

The Amended Complaint (doc. no. 4) states that Sullivan unsuccessfully attempted to file suit in the Derry District Court sometime between 2009 and May 2011. In 2011, Sullivan

filed an action in the Rockingham County Superior Court, apparently raising the claims asserted in this action. Sullivan states that the Superior Court dismissed his case. Sullivan filed an appeal in the New Hampshire Supreme Court ("NHSC"), Sullivan v. Town of Derry Pub. Works Dep't, No. 2012-0687 (N.H.), which that court accepted on January 9, 2013.

In February 2014, Sullivan filed suit in the United States District Court for the District of Montana, seeking to appeal the New Hampshire case. On April 14, 2014, the District of Montana issued an order finding that Sullivan's claims in that court were barred by the Rooker-Feldman doctrine, if the NHSC had already decided Sullivan's case, or by the Younger abstention doctrine, if the matter was still pending in the NHSC. See Sullivan v. Town of Derry, Pub. Works Dep't, No. CV-14-33-M-DWM-JCL, 2014 WL 1493695 (D. Mont. Apr. 14, 2014) (order approving report and recommendation). Sullivan now states that the case in the NHSC has been dismissed and is no longer pending.

## II. Jurisdiction

The Rooker-Feldman doctrine precludes a lower federal court from granting the relief Sullivan seeks here, as this Court is

not an appeals court and cannot redress incorrect state court decisions.  See Skinner v. Switzer, 131 S. Ct. 1289, 1297, 179 L. Ed. 2d 233 (2011) (Rooker-Feldman applies when losing party in state court files suit in federal district court after state proceedings have ended, complaining of injury caused by state-court judgment and seeking federal court review and rejection of state court judgment).  The United States Supreme Court, not this court, has jurisdiction to review state court judgments, pursuant to 28 U.S.C. § 1257.  The Rooker-Feldman doctrine thus applies in this case, and deprives this court of jurisdiction over the matter.  On that basis, the District Judge should dismiss Sullivan's claims and deny Sullivan's Motion to Amend (doc. no. 5).

## CONCLUSION

For the foregoing reasons, the District Judge should dismiss this action in its entirety, and the Motion to Amend (doc. no. 5) should be denied as moot.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De

Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

 

Andrea K. Johnstone
United States District Judge

September 15, 2014

cc: Billy Budd Sullivan, pro se